**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00045-CV**
_____

**IN RE WILLIAM CURTIS JONES**

**Original Proceeding**
**279th District Court of Jefferson County, Texas**

**MEMORANDUM OPINION**

Relator, William Curtis Jones, is a vexatious litigant subject to a prefiling order that requires him to obtain permission from the local administrative judge (LAJ) prior to filing any new litigation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101. On January 25, 2024, the LAJ for Jefferson County, Texas, denied Jones permission to file new litigation. In this mandamus proceeding, Jones complains that the LAJ abused its discretion in denying his request for permission to file new litigation. *See id*. § 11.102(f). Jones asks this Court to compel the LAJ for Jefferson County to grant Jones "permission to file a discovery request of exculpatory and impeachable evidence from the Jefferson County [Texas] District Attorney's

1

Office." Jones claims he asked the LAJ to allow him to file a petition for discovery "wherein he alleged various fraud on the court" that occurred during a criminal trial conducted in February 2018. He claims he did not receive a fair trial in the criminal case and the jury's verdict in that case was rendered on perjured testimony and fabricated evidence. We deny mandamus relief.

Jones argues that in 2022 he was unfairly and unconstitutionally classified as a vexatious litigant in a civil case that he filed in the 172nd District Court of Jefferson County. Referring this Court to four previous civil lawsuits Jones filed against the prosecutors and defense counsel from the criminal case and three expunction proceedings in which Jones alleged the State presented false or fabricated evidence in the trial of his criminal case, and asserting he has filed over sixty "motions memorandums, writs, applications, or petitions seeking relief from Petitioner's wrongful conviction and incarceration[,]" Jones asks this Court to set aside the vexatious litigant order, order a hearing on exculpatory evidence, vacate his conviction for misapplication of fiduciary property, and grant post-conviction habeas corpus relief in his criminal case.

A vexatious litigant complaining of the LAJ's order denying permission to file must demonstrate the LAJ clearly abused his discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); *In re Cooper*, No. 05-19-00549-CV, 2019 WL 2211085, at *1 (Tex. App.—Dallas May 22, 2019, orig.

2

proceeding) (mem. op.). We conclude Jones has failed to demonstrate that he presented a meritorious lawsuit that the LAJ arbitrarily refused permission to file. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.102(c); *In re Cooper*, 2019 WL 2211085, at *1. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on March 6, 2024
Opinion Delivered March 7, 2024

Before Golemon, C.J., Horton and Johnson, JJ.